IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § <br> § <br> § |
| v. | §    CASE NUMBER 1:11-CR-142-1-MJT <br> § <br> § |
| DAVID BAZAN | § |

### REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Pending before the undersigned is a *pro se* Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) (doc. #500) filed by the Defendant, David Bazan.[1] The United States filed a response to the Defendant's motion. (Doc. #502.) Bazan filed a reply to the Government's response. (Doc. #506.) After reviewing all applicable facts and law, the undersigned recommends that the Defendant's motion be denied.

### I.     ISSUES PRESENTED

Bazan is currently serving a sentence for a violation of 21 U.S.C. § 846 (Conspiracy to Distribute and to Possess with Intent to Distribute 5 kilograms or more of Cocaine HCL). (Doc. #370.) On June 3, 2013, the court imposed a total term of imprisonment of 360 months (30 years) with a release date of October 4, 2037. (*Id.*) The Defendant argues that he should receive compassionate release due to COVID-19 and his rehabilitation efforts. (Docs. #500, #506.) The Government responds stating that the Defendant's arguments lack merit and do not rise to the level of extraordinary and compelling circumstances noting that he has already recovered from COVID;

---

[1] This motion is referred to the undersigned United States magistrate judge for review, hearing if necessary, and submission of a report with recommended findings of fact and conclusions of law. 28 U.S.C. § 636(b)(1)(B); E.D. TEX. LOCAL R. CR-59(a); (Doc. #507).

1

he received the COVID vaccine; he still has a lengthy sentence to serve; and he remains a danger to the community. (Doc. #502.)

## II. LEGAL STANDARD

Section 3582(c)(1)(A) "authorize[s] a sentence reduction where: (1) 'extraordinary and compelling reasons warrant such a reduction,' (2) 'such a reduction is consistent with applicable policy statements issued by the Sentencing Commission,' and (3) such a reduction is appropriate 'after considering the factors set forth in section 3553(a) to the extent that they are applicable.'" *United States v. Shkambi*, 993 F.3d 388, 389 (5th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)). Before seeking relief from the court, a defendant must first submit a request to the facility's warden where he is housed to move for compassionate release on his behalf and then either exhaust his administrative remedies or wait 30 days from the warden's receipt of his request. 18 U.S.C. § 3582(c)(1)(A); *United States v. Franco*, 973 F.3d 465, 467 (5th Cir. 2020). Here, the Government does not dispute that Bazan has met this requirement.

Section 3582(c)(1)(A) does not define the "extraordinary and compelling reasons" that may merit compassionate release. The Sentencing Commission, however, has the authority to "promulgate general policy statements … that describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *United States v. Williams*, No. 3:18-CR-0291-B-2, 2021 WL 1865005, at *2 (N.D. Tex. May 10, 2021) (quoting *Shkambi*, 993 F.3d at 391). Since the Defendant's filed motion, on November 1, 2023, the Sentencing Commission issued an amended policy statement, U.S.S.G. § 1B1.13, setting forth the circumstances that are considered "extraordinary and compelling reasons." These include the defendant's medical circumstances, age, family circumstances, whether the defendant is a victim of abuse, "other reasons," and whether he is serving an unusually

2

long sentence.  *See* U.S.S.G. § 1B1.13(b).  As of November 1, 2023, policy statement 1B1.13 applies to motions filed by the Director of the BOP and motions filed by the defendant himself.  U.S.S.G. § 1B1.13(a).  Therefore, the Defendant must meet one of these circumstances.  Here, he argues for release due to COVID-19 concerns and "other reasons," including his rehabilitation efforts.

### III.   ANALYSIS

#### A.  *Exhaustion of Administrative Remedies*

As stated above, a request for compassionate relief must first be presented to the BOP for consideration.  After 30 days have passed or the defendant has exhausted all administrative rights to appeal the BOP's failure to move on his behalf, a defendant may ask a court for a sentence reduction under section 3582(c)(1)(A).  Here, the Government does not contest that the Defendant made a request to the warden at the Federal Correctional Institution where he was housed, and the warden denied his request.  The Government provided documentation of the warden's denial of his request, which was dated August 22, 2022.  (Doc. #504-1.)  Therefore, the Defendant has satisfied his administrative exhaustion requirement.

#### B.  *Extraordinary and Compelling*

##### 1.   **Medical Conditions**

Extraordinary and compelling reasons exist regarding a defendant's medical condition when the defendant is "suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory)" or when a defendant is "suffering from a serious physical or medical condition," "suffering from a serious functional or cognitive impairment," or "experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility

and from which he or she is not expected to recover." U.S.S.G. § 1B1.13. In addition, a defendant may seek release if he is suffering from a medical condition that requires long term or specialized medical that is not being provided. *Id.* Lastly, extraordinary and compelling reasons exist if the facility where the defendant is housed is affected or at imminent risk of being affected by an ongoing outbreak of an infectious disease or public health emergency and the defendant is at an increased risk of suffering severe medical complications or death and such risk cannot be adequately mitigated in a timely manner. *Id.*

Courts that have granted compassionate release based on a prisoner's health problems "largely have done so for defendants who had already served the lion's share of their sentences and presented multiple, severe, health concerns." *United States v. Thompson*, 984 F.3d 431, 434–35 (5th Cir. 2021). Thus, "compassionate release due to a medical condition is an extraordinary and rare event." *White v. United States*, 378 F. Supp. 3d 784, 787 (W.D. Mo. 2019). The Government and the United States Probation Office believe that the Defendant has failed to meet this exacting standard. The court agrees.

"Fear of COVID doesn't automatically entitle a prisoner to release." *Thompson*, 984 F.3d at 435; *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). The Defendant does not allege any medical condition that would put him at an increased risk of suffering from medical complications or death if he contracted COVID-19. The Government provided a copy of Bazan's medical records, and no major medical conditions are noted. (Doc. #504-2.) There is no indication that he cannot provide self-care within the facility.

4

In addition, the Defendant already contracted COVID-19 and recovered without any complications or hospitalization. (Doc. #504-2.) Contracting the virus while incarcerated, even in conjunction with preexisting health conditions, is insufficient to establish extraordinary and compelling circumstances warranting compassionate release. *See United States v. Jackson*, No. 3:16-CR-196-L-1, 2020 WL 4365633, at *2 (N.D. Tex. July 30, 2020) (finding that defendant had failed to present extraordinary and compelling reasons for compassionate release despite suffering from previous underlying health conditions and testing positive for COVID-19). The fact that Defendant recovered from COVID-19 diminishes the risk that a future infection will be severe according to CDC reports. *Id.* (citations omitted); *see also United States v. Wiltshire*, No. 11-310, 2020 WL 7263184, at *6 (E.D. Pa. Dec. 9, 2020) ("[T]his Court is unable to find a case granting compassionate release to a defendant who recovered from COVID-19 and was asymptomatic. To the contrary, the consensus is that such a circumstance does not warrant release."); *United States v. Pavao-Kaaekuahiwi*, No. 19-00082, 2020 WL 7700097, at *3 (D. Haw. Dec. 28, 2020) (reviewing studies concluding that recovered patients are at lower risk for future infections).

Moreover, the Defendant received both doses of the Moderna vaccine in 2021. (Doc. #504-2.) The vaccine renders an inmate protected from the virus. *See United States v. Groom*, No. 2:17-cr-159, 2021 WL 1220225, at *2 (S.D. Ohio Apr. 1, 2021); *United States v. Grummer*, 519 F. Supp. 3d 760 (S.D. Cal. 2021) (denying compassionate release to a vaccinated defendant with several chronic medical conditions); *United States v. Wakefield*, No. 1:19-cr-00095-MR-WCM, 2021 WL 640690, at *3 (W.D.N.C. Feb. 18, 2021) (denying compassionate release to a defendant presenting with obesity, diabetes, and hypertension who received his first dose but had also previously tested positive); *United States v. Smith*, No. 17-CR-20753, 2021 WL 364636, at *2 (E.D. Mich. Feb. 3, 2021) ("[A]bsent some shift in the scientific consensus, Defendant's vaccination against COVID-

5

19 precludes the argument that his susceptibility to the disease is 'extraordinary and compelling' for purposes of § 3582(c)(1)(A)."). Furthermore, the fact that Defendant's facility is inoculating residents supports the conclusion that the BOP is taking adequate precautions to protect him. *See United States v. Lipscomb*, No. 2:18-cr-34-SPC-NPM, 2021 WL 734519, at *2 (M.D. Fla. Feb. 25, 2021).

A successful recovery combined with vaccination weighs strongly in favor of this court denying compassionate release. *See, e.g., Wakefield*, 2021 WL 640690, at *3 ("Because he has already contracted the virus and recovered without complication, and because he is in the process of being vaccinated, the defendant cannot meet his burden of establishing that his COVID-19 risk is an extraordinary and compelling reason for his release," even though he presented with obesity, diabetes, and hypertension); *United States v. Roe*, No. 2:14-CR-229, 2021 WL 1711296, at *2 (S.D. Ohio Apr. 30, 2021) (defendant recovered from COVID-19 and received vaccine; therefore, he was not eligible for relief notwithstanding health conditions including diabetes and heart, kidney, and respiratory ailments). In addition to vaccinations, the BOP is reducing the spread of the virus through a comprehensive approach that implements quarantining, social distancing, masks, limiting visitors, and transferring qualified inmates to home confinement. The BOP's "action plan" is accessible in full at www.bop.gov/coronavirus/. Accordingly, the court finds that the Defendant does not present extraordinary and compelling reasons for release predicated on COVID-19.

### 2. Other Reasons

Bazan also argues that he qualifies for compassionate release based upon section 1B1.13(b)'s "other reasons" category due to his rehabilitation while incarcerated. (Docs. #500, #506.) This category asks the court to consider whether the defendant "presents any other

circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." U.S.S.G. 1B1.13(b)(5). Rehabilitation, however, may only be considered in combination with other circumstances and cannot, by itself, be an extraordinary and compelling reason. *Id.* at 1B1.13(d). Moreover, courts have recognized that rehabilitation efforts are the expectation as opposed to being an extraordinary and compelling circumstance. *United States v. Hughes*, No. 4:18-CR-46(25), 2022 WL 2483720, at *4 (E.D. Tex. July 6, 2022) (collecting cases that find rehabilitation is not an extraordinary and compelling reason for compassionate release). Although Bazan lists a number of commendable achievements, he has not presented sufficient extraordinary and compelling circumstances to merit compassionate release under the facts of this case.

### C. Sentencing Factors

Notwithstanding all previous analysis, compassionate release should be denied because this court must consider all pertinent circumstances, including the Section 3553(a) factors and possible danger to the community. *See* 18 U.S.C. § 3582(c)(1)(A) (requiring courts to consider the § 3553(a) factors before granting compassionate release); *United States v. Chambliss*, 948 F.3d 691, 693–94 (5th Cir. 2020). Even when a prisoner has demonstrated an extraordinary and compelling reason under the compassionate-release statute, relief may still "be refused after weighing the sentencing factors of 18 U.S.C. § 3553(a)." *Id.*

First, granting this motion would fail to provide just punishment for his offense and promote respect for the law. Bazan was the head of a major drug operation transporting large quantities of cocaine HCl for at least over a decade. (Doc. #359, at 4-6.) He owned a trucking business and horse business that he used as a cover to haul large loads of drugs by commercial

7

dump trucks, semi-trucks and horse trailers. (*Id.*) He imported his supply of drugs from the Gulf Cartel in Mexico that he then distributed through stash house operators and drug couriers. (*Id.*) Bazan was a leader of the drug trafficking organization and was directly associated with more than 150 kilograms of cocaine HCl. (*Id.*) He was sentenced to thirty years and has served just a little over half of his total sentence. *See Thompson,* 984 F.3d at 434-35 ("The courts that granted compassionate release on [the bases of health concerns] largely have done so for defendants who had already served the lion's share of their sentences and presented multiple, severe, health concerns.") (compiling cases). For example, in *Chambliss*, while the defendant's terminal illness "constitut[ed] 'an extraordinary and compelling reason for a sentence reduction' and he '[did] not present a danger upon release,'" the court denied compassionate release because "releasing [defendant] after serving only 14 years of a 30-year sentence minimizes both the impact of [defendant's] crime and seriousness of the offense." 948 F.3d at 693–94. Considering the nature and seriousness of his offenses, the court finds that denying a reduction or compassionate release "would 'provide just punishment for the offense' and 'afford adequate deterrence to criminal conduct.'" *Chambliss*, 948 F.3d at 693–94.

Further, this court must deny a sentence reduction unless it determines that the defendant "is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). "The best predictor of how [a defendant] will behave if he were to be released is how he behaved in the past." *United States v. Preston*, No. 3:18-CR-307-K, 2020 WL 1819888, at *4 (N.D. Tex. Apr. 11, 2020) (quoting *United States v. Martin*, 447 F. Supp. 3d 399, 403 (D. Md. 2020)). The court finds that the Defendant continues to present a danger to the community and should be required to serve the sentence that was originally imposed for his criminal conduct. In addition to the facts of the instant offense, the Defendant's criminal history involves a conviction for assault

of a security officer and arrests for conspiracy to possess with intent to distribute marijuana and unlawfully carrying a weapon.

Therefore, the nature of the Defendant's original offense, criminal history, and all other applicable factors fail to persuade the court that the Defendant does not pose a danger to the community. *See* 18 U.S.C. § 3553. Accordingly, this court must deny the Defendant's motion after considering the Section 3553 factors.

### IV.    RECOMMENDATION

"[C]ompassionate release is discretionary, not mandatory." *Chambliss*, 948 F.3d at 693. In exercising its discretion, the court finds that no extraordinary and compelling reasons exist. Having determined that extraordinary and compelling reasons justifying release are not present and considering all other applicable factors, the undersigned recommends that the court **DENY** the Defendant's motion for compassionate release (doc. #500).

### V. OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(C), each party to this action has the right to file objections to this Report and Recommendation. Objections to this Report must (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, (3) be served and filed within fourteen (14) days after being served with a copy of this Report, and (4) be no more than eight (8) pages in length. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b)(2); E.D. Tex. Local R. CR-59(c). A party who objects to this Report is entitled to a *de novo* determination by the United States district judge of those proposed findings and recommendations to which a specific objection is timely made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b)(3). A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report,

bars that party from: (1) entitlement to *de novo* review by the United States district judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States district judge, *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

**SIGNED this the 15th day of March, 2024.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE